218 So.2d 254

**CITY OF TUSCALOOSA et al.**

**v.**

**J. Dempsey MARCUM et al.**

**6 Div. 546.**

Supreme Court of Alabama.

Jan. 23, 1969.

J. Wagner Finnell, Tuscaloosa, for City of Tuscaloosa and others.

McDuffie & Holcombe, Tuscaloosa, for appellant Norris.

Zeanah & Donald, Tuscaloosa, for appellees.

SIMPSON, Justice.

The appellees in this case filed a bill for declaratory judgment in the Circuit Court of Tuscaloosa County on behalf of the named appellee and forty-three members of the Police Department of the City of Tuscaloosa, seeking a declaratory judgment as to the rights and status of the parties as established by the Civil Service law pertaining to the City of Tuscaloosa and rules and regulations adopted by the Civil Service Board in accordance with that law.

The bill alleged that local Act No. 249 passed by the legislature in 1947 created a Civil Service System including a Civil Service Board which was authorized to make rules and regulations to carry out the purposes of the Act including rules and regulations relating to the eligibility for promotion.

It is further alleged and not controverted that subsequent to the passage of local Act No. 249 the Civil Service Board, pursuant to the authority granted to it and by the Act, adopted rules and regulations relating to promotions within the Police Department providing that promotions would be made thereafter from a roster of eligibles established by competitive examination, but alleges that these rules and regulations were not followed after their adoption on May 14, 1963, and that no list of eligibles was established and no competitive examinations were offered. It is not controverted that the Civil Service Board of Tuscaloosa adopted the following:

"Section IX—Promotions.

"1. Promotions, in cases of vacancy, will be made according to fitness and merit, as may be determined by the Civil Service Board from its roster of eligibles, established by competitive examinations, interview, analysis of performance, and seniority, as the Civil Service Board may direct."

It was the contention of the appellees that since the rule adopted by the Civil Service Board relating to promotions had not been followed that all promotions made in contravention of that rule were void. It is conceded that a number of promotions were made but that none were made from a list of eligibles established by competitive examination as required by the Civil Service rules and regulations, and the appellees in this case complain that they have been injured in that they have not had an opportunity to take a competitive promotional examination in order to compete for promotion to any of the positions filled since the adoption of this rule.

After this bill was filed, the Civil Service Board of Tuscaloosa on October 3, 1967, amended its rules relating to promotions to the following extent:

"Section IX—Promotions.

"1(a) Promotions, in cases of vacancy, will be made according to fitness and merit, as may be determined by the Civil Service Board from its roster of eligibles, established by competitive examination, interview, analysis of performance, and seniority, as the Civil Service Board may direct.

"(b) Provided, however, that any officer who has been duly promoted by this Board on recommendation of the Department Head, or Chief of Police, subsequent to the adoption of this rule and prior to the establishment by this Board of a roster of eligibles as hereinabove provided, and who has served in the position to which he was promoted for a period of six (6) months prior to the date of adoption of this Amendment, shall be deemed to be permanently promoted and shall be a permanent employee in the rank or grade to which he has been promoted."

Obviously the Civil Service Board was attempting by this amendment to validate the promotions of those officers who had been promoted without qualifying under the rule theretofore in existence.

It is the contention, of course, of the appellees that the initial appointments or promotions were void and cannot be made valid by a subsequent amendment to the rules.

After extensive evidence was taken the trial court found that no roster of eligibles for promotion was ever established by the Civil Service Board from the date the Board adopted its rules and regulations up to and including the time of the filing of this suit and that no competitive promotional examinations were given to the members of the Police Department during this period by the Civil Service Board.

It is further found that subsequent to the adoption of the rules governing promotions within the Police Department of the City of Tuscaloosa, and while the same were in full force and effect, the Civil Service Board filled several vacancies in the ranks of the Police Department of the City of Tuscaloosa, but none of the promotions were made from a roster of eligibles established by competitive examination, interview, analysis of performance, and seniority, as required and provided for in the regulations adopted by the Civil Service Board.

The court also found that the complainants have been employed by the City of Tuscaloosa as members of the Police Department for periods ranging from more than one year up to more than nineteen years without having a promotion and without having been placed on a roster of

eligibles for promotion as required by the rules of the Civil Service Board and without having had an opportunity to take a competitive promotional examination in the manner required by law and by the rules and regulations of that Board. The court further found that the complainants (appellees) were eligible for promotion and, therefore, had been deprived of substantive rights.

The court found that in making the promotions of the appellants, the Civil Service Board did not comply with the then existing rules and regulations and its failure to establish a roster of eligibles as required by those rules and regulations was in violation thereof.

The court concluded, therefore, that the Civil Service rules and regulations adopted by the Civil Service Board of Tuscaloosa under the authority of local Act No. 249 passed by the regular session of the 1947 Legislature of Alabama, have the same force and effect as law and all persons affected thereby including the Civil Service Board of Tuscaloosa are bound to follow them so far as they are applicable; and that in order to be valid, the actions of the Civil Service Board, in making promotions, must conform to the rules of the Board which were in effect at the time the actions were taken and that any promotion made by the Civil Service Board in any manner other than from a roster of eligibles established by competitive examination, interview, analysis of performance, and seniority, is void and can, therefore, be only a temporary appointment.

The decree ordered that each of the respondents (appellants) be restored to the rank he held before the aforesaid promotions were made; and that the Civil Service Board of Tuscaloosa forthwith establish a roster of eligibles by competitive examination, interview, analysis of performance, and seniority, as the Civil Service Board may direct in accordance with the rules and regulations of that body.

It is from this decree that this appeal comes.

■ The single question then is whether or not promotions made by the Civil Service Board of Tuscaloosa in contravention of its rules and regulations adopted pursuant to the enabling Act, are void from the beginning.

There can be no question but the Civil Service Board of Tuscaloosa had authority under its enabling statute to promulgate rules and regulations relating to promotions of members of the Police Department of the City of Tuscaloosa. However, the Civil Service Board is required to comply with its own rules and regulations. Our question is what is the effect of its having failed to observe these rules. We believe the City of Birmingham v. Lee, 254 Ala. 237, 48 So.2d 47, answers this question.

In that case the Personnel Board of the City of Birmingham was held to be without authority to cause a temporary appointment to a position of higher classification to become a permanent one without holding a competitive examination as provided by, in that case, statute. There we said:

"* * * that there is nothing in the act which permits promotion by the adoption of a classification of position plan or by any other means or method not based upon merit and superior qualification plus competition. * * * The controlling factor here is that it [the Board] had no authority under the statute to appoint Merrill permanently to a job of higher classification than that of District Supervisor except on the basis of competition for this would offend the express provisions of the law."

So we believe here that when the promotions of the appellants in this case were made in contravention of the rules and regulations adopted by the Civil Service Board of Tuscaloosa, such appointments were void.

As noted by the Supreme Court of Arizona, in Taylor v. McSwain, 54 Ariz. 295, 95 P.2d 415:

"It is the general rule that civil service regulations adopted by any commission, under the authority of a statute, have the same force and effect, so far as their scope is concerned, as law, and that all persons affected thereby, including the commission and its officers and employees, are bound to follow them so far as they are applicable. * * * It follows that while the commission in the present case and under our statute had the power to change the regulations adopted by it in any manner so long as it did not conflict with the principles of a nonpartisan merit system, until such change was made it and all of its officers were bound by the existing rules and regulations, and any act done by them in violation thereof was void, just as the legislature has the power to change a law which it has adopted, but until such change is made in a constitutional manner it is as much bound by the existing law as is the individual citizen. Further, any action taken by the commission or its officers must be in conformity with the regulations as they exist at the time of the action, and not as they may afterwards be amended. * * * Retroactive regulations are just as obnoxious as retroactive laws, and while it is true there are no express constitutional nor statutory inhibitions on regulations of that nature, we think the whole spirit of our government is opposed thereto, and unless the legislative authority expressly declares regulations may be retroactive, it is beyond the power of a commission or subordinate body to give them that effect."

We believe that this is consistent with our holding in City of Birmingham v. Lee, supra, and is consistent with the spirit of the legislation creating Civil Service Boards. As noted in 15 Am.Jur.2d, Civil Service, § 8:

"Ordinarily it is the function of a civil service commission or board to fix a fair and reasonable standard by which the qualifications of applicants for appointment in the civil service may be tested.
* * *

"Thus, it has been held that it is beyond the power of a civil service commission to adopt rules providing for temporary appointments with the design of preventing persons eligible to regular appointments from serving through the probationary term and acquiring permanent status, or of a personnel board to cause a temporary appointment to a position of higher classification to become a permanent one without holding a competitive examination as provided by law." Citing as authority for the last statement, City of Birmingham v. Lee, supra.

We agree with the trial court in its statement that nothing in this record indicates any deliberate attempt by the City of Tuscaloosa or any of its officers or employees to discriminate against the appellees in this case, but it is uncontroverted that the promotions of the appellants in this case were made in direct contravention of the rules and regulations then existing of the Civil Service Board. Based upon the holding of this court in City of Birmingham v. Lee, supra, it follows that such appointments and promotions were void.

The decree of the trial court in this respect is, therefore, correct.

It should be noted that since this suit was filed the Civil Service Board of the City of Tuscaloosa has adopted a procedure whereby competitive examinations are given and a list of eligibles has been established for promotions, all in compliance with the rules and regulations of the Civil Service Board. Therefore, it would seem that since these appellants have had the benefit of serving in these higher positions for a period of time they should be well qualified to pass the competitive examination. In State ex rel. Green v. City of Seattle, 7 Wash.2d 379, 110 P.2d 159, where it was contended that holding invalid resolutions reclassifying certain employees would operate to demote them to the status which

their position had occupied some twenty years earlier, the court said:

"We do not regard the holding of the trial court as being as unfair as appellants urge, however. The evolutionary process in which appellants participated, whereby their duties were increased and changed to a higher type, trained them in the additional and new duties, so that in a competitive examination for the position which includes those duties they should be able to profit by their experience."

So here we do not consider it would be terribly burdensome for the individual appellants in this case to stand the competitive examination along with all others eligible for these jobs.

The Assistant Chief of Police in the City of Tuscaloosa appealed separately from the holding of the trial court, basing his argument on a difference in the rules and regulations which related to that position. It is his contention that at the time of his appointment no competitive examination was required for the office to which he was appointed. The rules relating to the requirements for appointment to the Assistant Chief of Police were as follows:

"4. The Assistant Chief ranks next to the Chief of Police. He attains his rank by appointment from an eligible list established by the Civil Service Board."

While the rules relating to this office do differ in that no competitive examination was required, nevertheless, the Civil Service Board was required to establish a list of eligibles for this office as well as all others. It failed to so establish. It follows, therefore, that the trial court was correct in its holding with regard to this appellant.

Affirmed.

LIVINGSTON, C. J., and COLEMAN and BLOODWORTH, JJ., concur.