WRIGHT, Presiding Judge.
The Gadsden Civil Service Board made promotions within the Fire Department of the City of Gadsden on May 17, 1976. Among such promotions was one from Lieutenant to Captain. Plaintiff Letson was prior to May 17, 1976, a Lieutenant in said department. He was not promoted to Captain on May 17, 1976. Letson brought this action in the Circuit Court of Etowah County, asking that the promotions be set aside as void because the rules of the Civil Service Board under which the promotions were made were contrary to law.
Motion for summary judgment in favor of defendants, City of Gadsden and the Gadsden Civil Service Board, was granted by the court on October 13, 1977. Letson appeals.
The issue is whether the rule adopted by the Civil Service Board on January 1, 1974, providing that examinations for promotions within the fire department be given by the Fire Chief and those passing be certified to the Board is contrary to law. We affirm the judgment of the trial court.
The contention of Letson is that the rule adopted by the Board is contrary to the provisions of Appendix, § 1203(9), Code of Alabama (1940) (Recomp.1958). In order to place Section 1203(9) in its proper perspective, we set out all of the relevant statutes dealing with employment and promotions of fire and police personnel of the City of Gadsden as follows:
“§ 1203(7) . . . The civil service board shall make rules and regulations to carry out the purpose of this subdivision, and for examinations, appointments and removals in accordance with its provisions and the board may, from time to time, make changes in the existing rules. The chief of police and the chief of the fire department shall, from the membership of their respective departments, recommend for promotion such person or persons as the occasion may call for to fill any vacancy or vacancies that may occur in said respective departments, and all such vacancies shall be filled and all such promotions shall be made by the civil service board. The board may make rules and regulations relating to the eligibility for promotion. .
“§ 1203(8) . . .All applicants for a place or position on the police force or fire department, as the case may be, shall *655 file their application -in writing with the civil service board, said applications to be on the blank forms furnished by the board, and all applicants must be subject to examination, which shall be public, competitive, and open to all citizens of the United States, with specified limitations as to age, residence, health, habits, and moral character. . . .
“§ 1203(9) . . . The board shall control all examinations, and whenever an examination is to take place, shall conduct such examination. .
“§ 1203(10) . . The chief of police . and the chief of the fire department . . . shall notify the civil service board of vacancies in the ranks of patrolmen or firemen, respectively, and the board shall furnish the respective chief with the name and address, or names and addresses, of the candidate or candidates standing highest on the eligible list, and same shall receive the appointment or appointments to fill such vacancy or vacancies. . . . ” App., Code of Alabama (1940) (Recomp.1958).
The rule under attack by Lt. Letson was adopted by the Board under authority of Section 1203(7) above. It is as follows:
“Written Examination — shall be given by the Chief of the Department with the questions being taken from relative Fire Department Manuals furnished to each of the six (6) Lieutenants a minimum of ninety (90) days prior to examination date. A score of 70% shall be considered passing. Credit for written exam is based on passing and not on high score. The Chief of the Department shall be directly responsible for the grading of exam and required to furnish test and results to the Civil Service Board on request. Eligibility on the written examination shall be valid for one (1) calendar year. Ninety (90) days after expiration a written examination shall be given to reestablish a current eligibility roster. The six (6) Lieutenants with the longest time of service on the Gadsden Fire Department shall be required to take exam unless Lieutenant wishes to excuse himself.”
Regulations adopted by a civil service board have the force and effect of law unless they are inconsistent with their statutory authorization or the principles of a non-partisan merit system. City of Tuscaloosa v. Marcum, 283 Ala. 440, 218 So.2d 254 (1969).
Letson argues that even though Section 1203(7) empowers the Board to make regulations relating to eligibility of personnel for promotion, delegating authority to the Chief to give examinations leading to recommendation for promotion is inconsistent with Section 1203(9).
In construing a statute it is to be considered as a whole and its related sections in pari materia, if possible. State v. Jones, 289 Ala. 353, 267 So.2d 427 (1972); Smith v. Smith, 266 Ala. 118, 94 So.2d 863 (1957); Baggett v. Webb, 46 Ala.App. 666, 248 So.2d 275, cert. denied, 287 Ala. 725, 248 So.2d 284 (1971). Section 1203(9) is sandwiched between two sections which are completely related to applicants for first employment as firemen or policemen. The examinations referred to in that section clearly are those to be given to applicants for employment. The second sentence of Section 1203(7) deals with the recommendation by the chiefs of the fire and police departments of presently employed members of the departments for promotion. The third sentence of that section directly grants authority to the Board to make rules or regulations relating to eligibility of members for recommendation for promotion. There is stated in the statute neither direction nor restriction as to the rules or regulations which the Board may adopt. We perceive no inconsistency with any section of the statute, public policy or the principles of a non-partisan merit system in the regulation of the Board, nor are we cited to any law which tends to the contrary.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.