PER CURIAM.
This is an appeal from a final judgment upholding an executive order issued by the Mayor of Birmingham. We reverse.
The facts of this case are not in dispute. On July 13, 1976, Mayor David Vann issued an executive order which required all persons employed by the city after that date to either live inside the corporate limits or move inside within ten months of their appointment. Richard Arrington, who has since been elected Mayor, has not rescinded the executive order.
Henrietta Henderson began working as a stenographer for the Birmingham Police Department on July 14, 1977. Because she did not reside within the city limits at the time of her appointment, Henderson was required to, and did, sign a notice acknowledging that as a condition of employment she was obligated to comply with the residency requirements within ten months. When she failed to do so, Mayor Vann sent her a letter informing her that she was in violation of the executive order and that she would be dismissed unless she complied by December 14, 1978. Instead of complying, Henderson filed suit seeking both a declaratory judgment that the executive order was illegal, null and void, and a writ of mandamus commanding the Mayor to vacate and set aside the order. The trial court ruled that the executive order was legal and denied Henderson’s requested relief.
The issue presented for our determination is whether the Mayor has the authority to require city employees to live within the corporate limits of Birmingham as a condition of continued employment. To resolve this question, we must look to the interrelationship and respective powers of both the Mayor and the Jefferson County Personnel Board.
The authority vested in the Mayor, purely statutory in origin, is derived from the Mayor-Council Act of 1955. Vol. 14, *808 Appx., § 1504, et seq., Code of 1940, Recompiled 1958, as amended. The section of that Act pertinent to the issue in this case provides:
The mayor; powers and duties. — The mayor shall be the head of the administrative branch of the city government. He shall not sit with the council nor shall he have a vote in its proceedings and he shall have the power and dutiés herein conferred. He shall be responsible for the proper administration of all affairs of the city and, subject to the provisions of any civil service or merit system law applicable to such city and except as otherwise provided herein, he shall have power and shall be required to:
(1) Enforce all laws and ordinances;
(2) Appoint and, when necessary for the good of the service, remove all officers and employees of the city except as otherwise provided by this Act and except as he may authorize the head of a department or office to appoint and remove subordinates in such department or office .... [Emphasis added.]
Id. at § 1517(6).
The civil service system applicable to Jefferson County and municipalities located therein was created by the legislature in 1945 when it established the Jefferson County Personnel Board. Vol. 14, Appx., § 645, et seq., Code of Ala. 1940, Recompiled 1958, as amended. That Board is vested with broad power and authority to establish rules and regulations necessary to govern and control “all employees holding positions in the classified service of” Jefferson County and all municipalities within that county. Id. at § 646. The Board does not, however, govern or control persons employed in the “unclassified” services. Those rules and regulations adopted by the Board, to the extent that they are not inconsistent with their statutory authorization or principles of a nonpartisan merit system, have the force and effect of law and bind all persons affected thereby. Vol. 14B, 1971 Cum. Supp. to Appx., § 656, Code of Ala. 1940, Recompiled 1958, as amended; Simpson v. Van Ryzin, 289 Ala. 22, 265 So.2d 569 (1972); City of Tuscaloosa v. Marcum, 283 Ala. 440, 218 So.2d 254 (1969); Letson v. Gadsden Civil Service Board, 356 So.2d 653 (Ala.Civ.App.1978). Furthermore, it is “the duty of all elected officials in authority of either [Jefferson County or the municipalities located therein] ... to aid in all proper ways in carrying into effect the provisions” of the Act and those rules and regulations established by the Board. Vol. 14, Appx., § 651, Code of Ala. 1940, Recompiled 1958, as amended.
Pursuant to this grant of authority and prior to the Mayor’s executive order, the Board adopted, inter alia, a rule governing recruitment of prospective employees. That rule provides:[1]
Rule 3.1 — Recruitment. Individuals shall be recruited from a geographical area as wide as is necessary to assure obtaining well-qualified candidates for the various types of positions. Employment, therefore, shall not necessarily be limited to residents of Jefferson County, Alabama; however, in cases where residents and non-residents are equally qualified for particular vacant positions, the residents shall be considered before non-residents in filing such vacancies. [Emphasis added.]
Henderson contends that the May- or’s executive order is void because it contravenes the recruitment rule adopted by the Personnel Board. We agree in part. The Mayor has the power, subject to applicable civil service laws, to appoint and remove all city employees. The civil service laws in effect in Jefferson County, applicable only to positions of “classified service,” state that “[e]mployment ... shall not necessarily be limited to residents of Jefferson County.” This rule has the force and effect of law, binds the Mayor and, under the Mayor-Council Act, limits the Mayor’s authority. By his executive order, the Mayor *809 has exceeded his authority and contravened this rule by limiting employment to an even smaller group of persons, i. e., only those who live within the city limits of Birmingham. It should be noted, however, that we do not find the Mayor’s ordér to be void in toto; we merely hold that the order is void as far as it affects those persons employed by the City in a position of “classified service.” Therefore, the judgment of the trial court is due to be reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C. J., and MADDOX, FAULKNER, JONES, SHORES, EMBRY and BEATTY, JJ., concur.

. This rule was amended July 20, 1978, to delete that portion of the rule expressing a preference for Jefferson County residents.