KENNEDY, Justice.
Case 1910839 is the second appeal by the defendants, the Deputy Sheriffs’ Association of Tuscaloosa County and Tommy Squires, individually and as its president. Our action in the first appeal, Tuscaloosa County Comm’n v. Deputy Sheriffs’, 589 So.2d 687 (Ala.1991), was in pertinent part 1) an affirmance of the trial court’s holding that the Tuscaloosa County sheriff’s deputies were statutorily entitled to a salary increase and 2) a reversal of the trial court’s judgment to the extent that it held that the plaintiff, the Tuscaloosa County Commission (“the commission”), did not owe the deputies backpay related to that increase. We held that the deputies were entitled to the backpay in issue (in a then *1160 undetermined amount) and remanded this case. Id.
This appeal involves the defendants’ post-remand requests for judgment interest on the backpay, attorney fees pursuant to the Alabama Litigation Accountability Act, and relief from post-remand action by the commission related to its formal resolution seeking to reclassify deputy positions and to eliminate their per diem expense allotment. The resolution provided that if these actions were “not implemented or [if they were] declared invalid” then the salary increase would “also be rescinded contemporaneously therewith.” [1]
Although the trial court entertained considerable argument on the merits of these claims, it ultimately held that the only matters remanded to it for a resolution were matters directly related to the backpay, and it concluded, therefore, that it had no authority to grant relief on the defendants’ claims for judgment interest, attorney fees, and relief from the commission’s post-remand action. It entered an order on remand directed only toward backpay.
We disagree with the trial court’s conclusion that, given our remand of the backpay matters, these were the only matters it could address. Nothing in our previous opinion divested the court of its authority to grant judgment interest, to compel unconditional compliance with its earlier order of a salary increase, or to award attorney fees. In this respect, the trial court erred; we reverse the judgment and remand this case for a determination of these post-remand claims.
In doing so, we observe that the primary focus of the parties’ briefs is on how the trial court should have ruled on these matters (evidently, how it should have ruled if it had ruled). The defendants suggest that this Court should give very specific directives to the trial court as to how it must rule on these claims. The arguments of the parties further suggest an understandable desire for a speedy final resolution to this greatly protracted and contentious matter. However, while we are sympathetic to these concerns, we cannot in this case rule on these matters for the trial court, and we cannot review action that it has not yet taken.
Finally, the defendants have filed a petition for a writ of mandamus (1910773), raising the same issues as those raised in the second appeal. Because those issues have been disposed of in the appeal, we dismiss the petition.
1910839 — REVERSED AND REMANDED.
1910773 — DISMISSED.
HORNSBY, C.J., and MADDOX, SHORES and HOUSTON, JJ., concur.

. Of course, the commission could not properly take unilateral action, even if it were otherwise lawful, that was expressly directed toward making contingent its court-ordered obligation to pay the salary increase.