INGRAM, Justice.
This is the third time these parties have been before this Court. See Ex parte Deputy Sheriffs’ Association, 610 So.2d 1159 (Ala.1992), and Tuscaloosa County Commission v. Deputy Sheriffs’ Association, 589 So.2d 687 (Ala.1991). The entire controversy between them stems from the Tuscaloosa County Commission’s refusal to give the Tuscaloosa County deputy sheriffs a salary increase pursuant to Act No. 323, 1975 Ala. Acts.
This Court in 1991 interpreted the Act and held that the deputies were entitled to the salary increase. Tuscaloosa County Commission v. Deputy Sheriffs’ Association, supra. We held that the statute was clear and unambiguous, and we stated “that the compensation of a law enforcement officer working for the Tuscaloosa County Sheriffs Department is not to be less than that of a state trooper with comparable years of service and comparable rank and position.” 589 So.2d at 689.
After this Court issued its opinion at 589 So.2d 687, the Commission voted (1) to rescind certain rank advancement that the Commission had earlier granted and (2) to discontinue the payment of a per diem stipend to each of the deputies. The Deputy Sheriffs’ Association asked the trial court to set aside these two actions of the Commission. Further, the Association requested attorney fees pursuant to the Alabama Litigation Accountability Act (“A.L.A. Act”). After a hearing, the trial court ruled that: (1) the rank rollbacks were a permissible measure by the Commission; (2) the deputies were entitled to continue to receive the per diem stipend; and (3) the deputies were not entitled to attorney fees. The Commission appeals from the ruling concerning the per diem stipend, and the Association cross-appeals the rulings with respect to the rollbacks and attorney fees.

Commission’s Appeal

The Commission contends that the trial court erred in ordering it to pay the deputies a per diem stipend. It argues that Ala.Code 1975, § 36-21-2, which provides an $8 subsistence allowance to certain law enforcement officers, does not specifically mention employees of the Tuscaloosa County Sheriffs Department, and that those persons are therefore not entitled to the stipend.
The Association argues that it has never maintained that its members’ right to the per diem stipend derives directly from § 36-21-2. Rather, it says, the Commission’s prior *444 action in paying the peí' diem stipend now bars the Commission from terminating it.
The record reveals that the Commission paid the deputies the per diem stipend from 1975 until it terminated the allowances by resolution on October 2, 1991, which was after this Court had ruled that the deputies were entitled to pay raises. The per diem stipend was originally $5, but was raised to $8 when the state trooper per diem stipend was raised.
We find no statute that obligates the Commission to pay the per diem stipend, and no decision of this Court mandates that the Commission pay the per diem stipend. In fact, this Court has established that “[u]nder the clear wording of [§ 36-21-2], only those state law enforcement officers who are employed by the specifically enumerated departments are eligible to receive the allowance.” Moody v. Ingram, 361 So.2d 513, 516 (Ala.1978). The Tuscaloosa County Sheriffs Department is not one of those specifically enumerated departments. Therefore, the trial court erred in holding that the deputies were entitled to the per diem stipend.

Association’s Cross-Appeal

The Association contends that the trial court erred in failing to rescind the Commission’s rank rollbacks of certain deputies. It argues that the legal principles of res judicata and the law of the case bar the Commission’s demotion of the deputies. We disagree.
In October 1980, the Commission, by resolution, reclassified 15 deputies to ranks higher than those required by Act No. 323.[1] In October 1991, the Commission reclassified the deputies that had been upgraded in 1980, to return them to the ranks as set out in the Act. The duties of the deputies affected were not changed by either action of the Commission. The second reclassification brought those particular deputies back down to the level required by Act No. 323, and no deputy received a salary that was less than that received by a state trooper with comparable years of service and comparable rank and position.
The trial court correctly ruled that the Commissions’s action was not prohibited by law. The parties have cited no prior opinion of this Court prohibiting the Commission from adjusting the salaries of the deputies so long as the adjusted salaries are not less than the salaries of comparably situated state troopers.
Regarding attorney fees, we find no error in the trial court’s denial of the Association’s request. Whether to award such fees is within the sound discretion of the trial court.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HORNSBY, C.J., and SHORES, HOUSTON, STEAGALL and COOK, JJ., concur.
MADDOX, J., dissents.

. Act No. 323 required the Commission to maintain salaries for the deputies of the sheriff's department that would not be less than those received by state troopers with comparable years of service and comparable rank and position.