MADDOX, Justice
(dissenting).
This is the third time the dispute between these parties has been before this Court. See Titscaloosa County Commission v. Deputy Sheriffs’ Association of Tuscaloosa County, 589 So.2d 687 (Ala.1991), and Ex parte Deputy Sheriffs’ Association of Tuscaloosa County, 610 So.2d 1159 (Ala.1992).
In order to show the reason for my dissent, I set out a complete history of this litigation, because I think that the history is important in determining the issues on this present appeal. First, I will trace the proceedings through this Court’s last decision and remand, and the proceedings that occurred after remand that gave rise to this present appeal, and show what facts compel me to disagree so strongly with the majority.
The Tuscaloosa County Commission (the “County”) initially filed a complaint for a declaratory judgment on September 18,1989, seeking a determination of the effect an action by the Governor of Alabama approving an increase in the salary range for Alabama *445 State Troopers on July 18, 1989, had on the salaries of sheriffs deputies in Tuscaloosa County. The deputies filed an answer to that complaint and also counterclaimed for back-pay, interest, and attorney fees.
The case was submitted to the circuit court on a “Joint Stipulation of Facts,” and, after considering briefs and arguments, the trial court issued a final judgment on February 28, 1990, holding that the deputies were entitled to the salary increase granted by the Governor, that “compensation” in Act No. 84-745, Ala. Acts 1984, referred to salaries only, that the Governor’s action granting pay raises did not violate the Administrative Procedure Act, and that the salary increase was effective on the first day after the next fiscal year commencing after July 18, 1989.
The County appealed from the circuit court’s judgment on March 6, 1991, with the deputies cross-appealing that same date, and on August 23, 1991, this Court issued a decision upholding the circuit court’s rulings that were adverse to the County, and also its ruling that the salary increase granted by the Governor on July 18, 1989, was effective on the first day after the next fiscal year commencing after July 18, 1989. This Court reversed the circuit court’s holding that the deputies were not entitled to an award of back pay, holding instead that they were entitled to be paid a salary pursuant to Act No. 75-323, Ala. Acts 1975, based upon the acts or the actions allowing salary increases after Act No. 84-745 that did not exclude raises for law enforcement officers whose salaries are tied to those of state troopers. This Court remanded the case to the trial court. The County applied to this Court for rehearing only on the issue of the backpay award to the deputies; that application for rehearing was denied, and the certificate of judgment from this Court was received by the Circuit Court of Tuscaloosa County on November 1, 1991. In view of these facts, why were the order and judgment of this Court not followed?
In the face of this Court’s decision, the County, by resolution, on October 2, 1991, discontinued the deputies’ $8.00 per diem stipend and rescinded classification changes made by the County on October 19, 1980. The changes in classification resulted in the demotion of several deputies to lower paying positions. Even though the County’s resolution stated that it was granting the salary increase awarded by this Court, it made the grant of the increase conditioned upon the discontinuance of the per diem stipend and the implementation of the classification rollback, and, further, it provided that the salary increase would be rescinded if, in fact, the changes in the per diem and the classification were not upheld. I am of the opinion that the action of the County was in violation of this Court’s judgment and was used to circumvent the holding of this Court on the underlying issue.
Based on the County’s action on October 2, 1991, the deputies filed a “Motion for Relief on Remand/Motion for Post-Judgment Relief,” in which they asked the circuit court to hold that the actions taken by the County were illegal and in violation of the circuit court’s judgment and in violation of the decision of this Court; to order the County to immediately reinstate the deputies’ $8.00 per diem; and to order the County to reclassify the demoted positions to the previous classifications established in 1980. It also requested the court to order the County to pay the attorneys for the deputies a reasonable attorney fee and to award the deputies interest on the back pay award.
On October 22, 1991, the trial court entered an order directing the parties to determine if they could enter a stipulation concerning the issues, including back pay, interest on the back pay, and attorney fees.
After this Court’s certificate of judgment was received by the Circuit Court of Tuscaloosa County on November 1,1991, the deputies filed on November 5, 1991, a motion requesting the circuit court to enter an order instructing the County to pay the back pay due to the deputies without further delay.
After a pre-trial hearing, and after the submission of briefs by the parties, the circuit court on January 16, 1992, entered a “Judgment on Remand,” in which it ordered the County to pay the back pay to the deputies, but stated that the “court is of the opinion this issue of back pay is the only *446 issue remanded to it.” It denied, therefore, the deputies’ request on remand that the County be ordered to pay them interest on the back pay, to reinstate the deputies’ per diem, to reclassify those deputies demoted by the County’s reclassification of positions, and to pay the attorneys for the deputies a reasonable attorney fee.
During the pendency of the second appeal, the County paid the deputies the back pay due them but did not pay any judgment interest. On December 4, 1992, this Court reversed the judgment of the trial court and remanded this case to the trial court for it to address the issues of judgment interest, unconditional compliance with the trial court’s earlier order of a salary increase, and the award of attorneys fees. Deputy Sheriffs’ Association of Tuscaloosa County v. Tuscaloosa County Commission, 610 So.2d 1159, 1160 (Ala.1992).
After this Court’s second remand, the trial court held a hearing on February 3, 1993, to take up the issues remanded to it, and at that hearing the County’s personnel director testified that, after this Court ruled that the deputies were entitled to a salary increase, he was instructed by the County Commission to review ways to fund the increase. He recommended two options — the termination of the deputies’ per diem and the reclassification of certain deputy positions to offset the increased cost to the County of this Court’s order. The record indicates that the cost to the County of the salary increase was $274,-000 per year. On October 2, 1991, the County passed a resolution that terminated the $8.00 per diem payment to the deputies and rescinded a classification of certain deputy positions that had been in effect since 1980. The resolution specifically referred to the fact that the budget for the sheriffs department had been “recently impacted by raises and salaries to deputy sheriffs.” The resolution went on to state that it was implementing the 10% percent salary increase to deputies ordered by this Court, but made the implementation contingent upon the termination of the per diem and the classification rescission and provided that the salary implementation would be rescinded if the per diem and reclassification were invalid. The resolution of October 2, 1991, reduced the salaries of 15 deputies, and this reduction resulted in a total reduction in pay to these deputies of $50,000 per year. These 15 deputies had been promoted by the County in 1980 and had been paid on the trooper pay scale up until the resolution of October 2, 1991.
It seems so clear to me, based on the foregoing facts, that the actions taken by the County in reclassifying the positions of the deputies were to circumvent the effect of this Court’s order. I would not permit that to happen. If the County had desired to take the reclassification action before it filed the declaratory judgment action, then that issue could have been litigated then. Having filed the initial action for declaratory relief and having obtained a determination that was adverse, I would not permit the County to now circumvent the declaratory judgment it sought because it did not have the money to pay the deputies the sums to which they were legally entitled. Consequently, I must dissent.