The Tuscaloosa County Commission ("Commission") filed a declaratory judgment action against the Deputy Sheriffs' Association of Tuscaloosa County ("Deputies") and certain fictitiously named parties to determine whether law enforcement officers in the Tuscaloosa County Sheriffs Department were entitled to additional compensation and backpay. The trial court ordered the additional compensation but did not order the backpay, and both the Commission and the Deputies appeal.
The facts are undisputed and were stipulated to by the parties. In September 1975 the Legislature enacted, and the Governor approved, Act No. 323, Reg. Session, Ala. Acts 1975, which provides:
 "Section 1. The compensation of all law enforcement officers in the sheriff's department in Tuscaloosa County shall not be less than the compensation of a State Trooper in the State Department of Public Safety with comparable years of service and comparable rank and position. The schedule of compensation for such employees shall be as follows:
"Rank Compensation
 "Chief Deputy Shall be comparable to Captain in the State Troopers
 "Chief Investigator Shall be comparable to Lieutenant in the State Troopers
 "Lieutenant Evidence Shall be comparable to Identification Sergeant in State Technician Troopers
 "Officer and Shall be comparable to Investigator Sergeant Corporal in the State Troopers
 "Deputies Shall be comparable to State Troopers
 "Jailers, Matrons, Shall be comparable to Execution Clerk, and State Troopers Communications Officers
 "Section 2. The compensation provided for by this Act shall be paid from any funds available to the governing body of Tuscaloosa County.
 "The compensation of all law enforcement officers in the sheriffs department in Tuscaloosa County shall not be less than the compensation of a State Trooper in the State Department of Public Safety with comparable years of service and comparable rank and position."
The Commission has raised the salaries of the deputy sheriffs several times pursuant to that legislation; these raises were based on legislation raising the state troopers' salaries as well as on Governor Fob James's approval of a state trooper salary increase because of the recommendation for an increase by the State Personnel Board.
Before the refusal to give the raise that is the basis of this action, the only time the Commission had not given a raise pursuant to Act No. 323 was when the legislature specifically excluded the deputy sheriffs from the operation of an act granting state troopers an increase in salary. Specifically, Act No. 84-745, Ala. Acts 1984, provided for a 10% increase in the compensation for state troopers, but it also provided that "the provisions of this bill shall not apply to any local employee whose salary is tied to that of any state employee." Accordingly, the Commission did not give the deputy sheriffs that 10% raise. *Page 689 
Since that act was passed, the compensation of state troopers has been reestablished several times, with no restrictive language excluding a raise for a local governmental employee whose salary is tied to that of any state employee. The Commission continues to pay deputy sheriffs 10% less than the salary received by state troopers, because, it contends, Act No. 84-745 so requires.
On July 18, 1989, Governor Guy Hunt and the State Personnel Board, on the recommendation of the Director of Public Safety, approved certain increases in salary ranges for state troopers. The Commission refused to increase the salaries of the deputy sheriffs to make them equal to the salaries paid to state troopers as a result of that increase.
In the action below, the trial court was asked to determine 1) whether the deputy sheriffs were entitled to a salary increase equivalent to that received by the state troopers as a result of the July 18, 1989, administrative action; 2) whether "compensation" in Act No. 323 applies exclusively to salaries and not to additional benefits; 3) whether the July 18, 1989, action violated procedures established by the Alabama Administrative Procedure Act; 4) if the deputies were entitled to the salary increase, then when was the increase effective; 5) whether the deputies were entitled to the amount of compensation paid state troopers in the acts subsequent to Act No. 84-745, instead of 10% less, as the Commission has paid them.
The trial court held 1) that the deputies were entitled to the salary increase; 2) that "compensation" referred to salaries only; 3) that the action did not violate the Administrative Procedure Act, and 4) that the salary increase was effective on the first day of the next fiscal year commencing after July 18, 1989. The trial court did not order the backpay.
On the first issue, the Commission argues that the deputies are not entitled to an increase corresponding to the July 18, 1989, trooper salary increase, because that salary increase was a product of administrative rather than legislative action. This argument ignores general rules of statutory construction.
In interpreting the provisions of an Act such as Act No. 323, a court is required to ascertain the intent of the legislature as expressed and to effectuate that intent. Lewis v. Hitt,370 So.2d 1369 (Ala. 1979). The legislative intent may be gleaned from the language used, the reason and necessity for the act, and the purpose sought to be obtained by its passage. Ex parteHolladay, 466 So.2d 956 (Ala. 1985). Words used in the statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says.Coastal States Gas Transmission Co. v. Alabama Public ServiceCommission, 524 So.2d 357 (Ala. 1988); Alabama Farm BureauMutual Casualty Insurance Co. v. City of Hartselle,460 So.2d 1219 (Ala. 1984). If the language of the statute is clear and unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect. Dumas Brothers Manufacturing Co. v. SouthernGuaranty Insurance Co., 431 So.2d 534 (Ala. 1983); Town ofLoxley v. Rosinton Water, Sewer, Fire Protection Authority,Inc., 376 So.2d 705 (Ala. 1979).
The statute is clear and unambiguous. It states that the compensation of a law enforcement officer working for the Tuscaloosa County Sheriff's Department is not to be less than that of a state trooper with comparable years of service and comparable rank and position. The statute neither says nor implies anything that would indicate that law enforcement officers in the Tuscaloosa County Sheriffs Department are to receive a salary increase only when state trooper salaries are increased by legislative action. If the legislature had intended that meaning, it could easily have added such a qualifying phrase.
The trial court did not err in determining that Act No. 75-323 requires the Commission to grant its law enforcement officers increases in salary equivalent to the salary increases granted to state troopers by the *Page 690 
Governor on July 18, 1989. Shelby County Commission v. Smith,372 So.2d 1092 (Ala. 1979).
The Commission argues that the trial court erred by determining that the word "compensation" in Act No. 323 applies exclusively to salaries. Particularly, it argues that inasmuch as its law enforcement officers receive benefits other than salary, those benefits are to be valued in determining equivalent "compensation" to state troopers for the purposes of Act No. 323.
We disagree. In Mitchell v. Mobile County, 313 So.2d 172
(Ala. 1975), this Court addressed an act that had been passed to provide uniform minimum compensation for deputy sheriffs in counties with populations of less than 600,000. This Court held that the trial court had properly construed "compensation" to mean minimum basic salary, excluding overtime pay, riot training pay, and other benefits and allowances.
The structure of Act No. 323 also supports the conclusion that "compensation" means "salary": because the respective non-salary benefits are the same for all deputies regardless of rank and for all state troopers regardless of rank, the table in Act No. 323 setting out what rank among deputies is comparable to what rank among state troopers seems to refer to the salaries to be paid to the different ranks.
Finally, the wording of the Act does not convincingly support the Commission's argument. The Act does not say that the Commission's law enforcement employees are to have thebenefits of state troopers; if the legislature had so intended, it could have inserted the phrase "and all other job-related benefits" after the word "compensation," for example.
The trial court did not err in determining that the word "compensation" in Act No. 323 meant "salary."[1]
The Commission contends that the Governor, in the July 18, 1989, salary increase, did not comply with the Alabama Administrative Procedure Act, Ala. Code 1975, § 41-22-1 et seq., and, therefore, that the salary increase should be considered ineffective for the purposes of Act No. 323. Specifically, the Commission contends that the granting of the salary increase was by a "rule" under the definition of Ala. Code 1975, §41-22-3(9), and that the Governor failed to follow the appropriate notice and procedural provisions of the Alabama Administrative Procedure Act. The Commission did not prove that the July 18, 1989, salary increase was by a "rule" according to § 41-22-3(9), and its argument fails.
On cross-appeal, the deputies contend that the trial court erred in determining that the salary increase was effective on the first day of the next fiscal year commencing after July 18, 1989. Amendment 474 to the Alabama Constitution of 1901 provides in pertinent part:
 "No law, whether general, special or local, whose purpose or effect is to provide for a new or increased expenditure of county funds held or disbursed by the county governing body shall become effective as to any county of this state until the first day of the fiscal year next following the passage of such law. The foregoing notwithstanding, a law, whether general, special or local, whose purpose or effect is to provide for a new or increased expenditure of county funds held or disbursed by the county governing body, shall become effective according to its own terms as any other law if: 1) such law is approved by a resolution duly adopted by and spread upon the minutes of the county governing body of the county affected thereby; or 2) such law (or other law or laws which specifically refer to such law) provides the respective county governing bodies with new or additional revenues sufficient to fund such new or increased expenditures." *Page 691 
The Commission took none of the actions stated in the second sentence to make the July 18, 1989, salary increase effective, so the provisions of the first sentence are dispositive. The trial court's order directly tracks the mandate of the constitutional amendment.
The deputies contend that, because Act No. 323 preceded the amendment, the salary increase is not a "new" expenditure of county funds. Even if we agreed with that, we would note that the amendment addresses "new or increased expenditures," and the salary increase is certainly an "increased expenditure." The trial court did not err in its holding concerning the effective date of the salary increase.
Finally, we address the deputies' arguments concerning backpay. The stipulated facts indicated the following: Act No. 84745 provided for a 10% percent increase in compensation for state troopers, and it also provided that that increase would not apply to local employees whose salaries are tied to those of state employees. Accordingly, the Commission did not increase the salary of its law enforcement officers pursuant to Act No. 84-745. The deputies do not challenge that decision. However, subsequent to the passage of Act No. 84-745, compensation for state troopers has been reestablished several times, each time without the language of Act No. 84-745 excluding a raise for a local employee whose salary is tied to that of state employees. Nevertheless, the Commission has paid its law enforcement officers 10% less than similarly situated state troopers, because it contends that Act No. 84-745 requires that reduction.
This action by the Commission is contrary to the mandate of Act No. 323. Again, we note that that Act is clear and unambiguous and that it provides that the Tuscaloosa County Sheriff's Department's law enforcement officers are entitled to no less compensation than state troopers with comparable years of service and comparable rank and position. Additional explanation of this point would be superfluous, althoughShelby County Commission v. Smith, at 1094-96, is instructive.
On this issue the trial court erred, and as to that issue the judgment is due to be reversed and the cause remanded. The Tuscaloosa County Sheriff's Department's law enforcement officers are entitled to be paid a salary pursuant to Act No. 323 based on the acts or actions allowing salary increases after Act No. 84-745 that did not exclude raises for law enforcement officers whose salary was tied to that of the state troopers.
We understand that governments must operate under budgetary constraints, but Act No. 323 is nevertheless the law. As the Court said in Shelby County Commission v. Smith, "[i]f the county is no longer satisfied with the results of [that local act], its alternative is to have the local [act] repealed and introduce new legislation." 372 So.2d at 1095.
The judgment is due to be affirmed in part and reversed in part and the cause remanded.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES and HOUSTON, JJ., concur.
[1] This Court, while not addressing the issue directly, in ShelbyCounty Commission v. Smith, supra, assumed that the word "compensation" in the similar acts it was considering, referred to the amount of money paid as salaries: "It seems apparent to us, however, that the original drafters of these local acts intended to keep the salaries of employees of the sheriff's office competitive with those of the highway patrol, probably in order to prevent the loss of trained personnel to higher paying jobs." 372 So.2d at 1095.