The State Department of Transportation filed a petition in the Probate Court of Covington County, seeking to condemn for public use certain real property owned by Robert Bruce McLelland. After a hearing, the probate court granted the Department's petition for condemnation and, pursuant to Ala. Code 1975, § 18-1A-279, appointed three commissioners to determine the compensation due to McLelland. The commissioners made a written report to the probate court, stating the amount of damages assessed to McLelland; however, the commissioners did not make the written report within 20 days from their appointment, as required by § 18-1A-282. The Department moved to set aside the commissioners' report on the ground that the report was not timely filed; the Department also moved the probate court to appoint three new commissioners pursuant to §18-1A-279. The probate court granted the Department's motion to set aside the commissioners' report, and it set a hearing to appoint new commissioners.
McLelland then petitioned the Covington Circuit Court for a writ of mandamus or, alternatively, a writ of prohibition, directing the probate court to revoke its order setting aside the commissioners' report and directing it to further refrain from setting aside the report and from discharging the commissioners and appointing new commissioners. The Department was allowed to intervene as a party in the circuit court proceedings and, after a hearing, the circuit court granted McLelland's petition for a writ of mandamus or, alternatively, a writ of prohibition. The Department then petitioned this Court for a writ of mandamus, and/or a writ of prohibition, directing the circuit court to withdraw *Page 1371 
its order granting McLelland's petition and prohibiting the circuit court from setting aside the probate court's order. We have treated the petition as a notice of appeal, and, accordingly, we have restyled this case as an appeal.
The Department argues that if the language in § 18-1A-282
means what it clearly states, then the probate court was mandated by that language to set aside the commissioners' report because the report was untimely. The Department further argues that if the language in § 18-1A-282 does not mean what it clearly states, but is merely directory, then whether to set aside the untimely report is within the probate court's discretion and the circuit court, by directing the probate court to accept the untimely report, has erroneously substituted its discretion for that of the probate court.
Ala. Code 1975, § 18-1A-282, provides:
 "The commissioners must, within 20 days from their appointment, make a report in writing to the probate court stating the amount of damages and compensation ascertained and assessed by them for the owners of each tract of [l]and, or persons injured and other parties interested therein, and thereupon, within seven days, the probate court must issue an order that the report be recorded and the property be condemned upon payment or deposit into the probate court of the damages and compensation so assessed. A notice of entry of said order and the amount of the award shall immediately be mailed by first class mail to each party whose address is known, together with a notice of the right to appeal therefrom to the circuit court within 30 days from the date of said order."
Under the established rules of statutory construction, words used in a statute "must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says." Tuscaloosa County Comm'n v. DeputySheriffs' Ass'n of Tuscaloosa County, 589 So.2d 687, 689
(Ala. 1991), citing Coastal States Gas Transmission Co. v.Alabama Public Service Comm'n, 524 So.2d 357 (Ala. 1988). Moreover, the language in § 18-1A-282 requiring that the commissioners' report be filed within 20 days from their appointment is a proviso clause, and the effect of that clause restricts the operative effect of the language of the statute.Pace v. Armstrong World Industries, Inc., 578 So.2d 281
(Ala. 1991).
Applying the rules of statutory construction, we hold that the language in § 18-1A-282 mandated that the probate court set aside the commissioners' report because the report was untimely. We conclude, therefore, that the circuit court erred in issuing the writ directing the probate court to revoke its order setting aside the commissioners' report.
The judgment of the circuit court is reversed and this cause is remanded for action consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES, INGRAM and COOK, JJ., concur.