■ HARRIET BYAN, on Behalf of Herself and All Others Similarly Situated, Appellant, v PRUDENTIAL INSURANCE COMPANY OF AMERICA, Respondent. [662 NYS2d 44] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered December 13, 1996, in favor of defendant, and bringing up for review an order, same court and Justice, entered December 6, 1996, granting defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) and denying plaintiff's cross motion for partial summary judgment on the issue of liability, unanimously affirmed, without costs. Appeal from said order unanimously dismissed, without costs, as subsumed within the appeal from the judgment.

The filed rate doctrine (*see, Keogh v Chicago & Northwestern Ry. Co.*, 260 US 156) bars judicial challenges under the common law to a rate fixed by a regulatory agency (*see, County of Suffolk v Long Is. Light. Co.*, 728 F2d 52, 61-62). The doctrine precludes plaintiff's claim herein that she was damaged by being required to pay the premium rate approved by the Superintendent of Insurance, instead of any lower rate (*see, Porr v NYNEX Corp.*, 230 AD2d 564). Even were we to consider plaintiff's consumer fraud theory of recovery, though set forth for the first time on appeal, we would find it barred by the filed rate doctrine (*see, Minihane v Weissman*, 226 AD2d 152). If, as plaintiff argues, her damages are based on the amount paid to her physician and not on the premiums paid by her, then she has failed to plead the requisite element that she herself incurred damages. In view of the foregoing, we do not reach defendant's arguments that the action is barred by CPLR 217 or that the insurance rider gives defendant unfettered discretion in fixing the Usual and Prevailing Charge within the meaning of the rider. Concur—Milonas, J. P., Rosenberger, Wallach, Nardelli and Rubin, JJ.