The defendants, Frontier Corporation, Frontier Subsidiary Telco, Inc., and Frontier Communications of the South, Inc. (collectively "Frontier"), petition for a writ of mandamus directing the trial court to vacate its order of April 10, 1997, conditionally certifying the plaintiff's action as a class action. We grant the writ.
Jeff Thompson, on behalf of himself and others similarly situated nationwide, sued Frontier on April 10, 1997, seeking damages based upon allegations that Frontier had practiced a fraudulent scheme of automatically collecting wire maintenance and repair service charges from all of its residential and noncomplex business line customers who had basic telephone service, although these customers did not have Frontier contracts that authorized such charges. On the same day, without notice to the defendants or a hearing, the trial court entered an order conditionally certifying Thompson's action as a class action. *Page 1198 
Frontier moved to vacate the certification order, protesting that it was not given any opportunity to oppose the certification and arguing that the trial court had improperly certified the class without requiring the plaintiff to make an evidentiary showing as is required by Rule 23, Ala.R.Civ.P.
The trial court entered an order on June 18, 1997, denying the motion to vacate; however, it ordered the parties to conduct discovery related to all class issues, including numerosity, topicality, commonality, identification of proper parties, adequacy of plaintiffs, and any jurisdictional issues. The trial court ordered that the parties complete the discovery by August 29, 1997, and submit it thereafter to the court for a hearing on the question of decertification of the class.
In Ex parte First National Bank of Jasper, [Ms. 1961542, December 16, 1997] ___ So.2d ___, ___ (Ala. 1997), this Court held that a trial court's ex parte order of conditional class certification "will not satisfy the requirements of Rule 23, unless the proponent demonstrates a compelling reason for such a certification." We agree that Thompson did not demonstrate a compelling reason for the trial court to enter an ex parte certification order; thus, the mandamus petition is due to be granted. The Marengo Circuit Court is directed to vacate its order conditionally certifying the class. See Ex parte FirstNational Bank of Jasper, supra. See, also, Ex parte CiticorpAcceptance Co., [Ms. 1951977, December 16, 1997] ___ So.2d ___ (Ala. 1997); Ex parte Equity National Life Insurance Co., [Ms. 1961160, December 16, 1997] ___ So.2d ___ (Ala. 1997); and Exparte Mercury Finance Corp. of Alabama, [Ms. 1950868, December 16, 1997] ___ So.2d ___ (Ala. 1997).
WRIT GRANTED.
HOOPER, C.J., and SHORES, HOUSTON, KENNEDY, and COOK, JJ., concur.
MADDOX and SEE, JJ., concur in the result.