These appeals stem from a contest of an election for the position of city council member for district four in Bay Minette. In the August 27, 1996, election, the incumbent, John C. Cox, Jr., was challenged by Regina R. Taylor. Cox was determined to have won the election; that result was contested by Taylor, who disputed the validity of several absentee ballots cast for Cox.
The trial court determined that Cox had received 109 valid nonabsentee votes and that Taylor had received 112 valid nonabsentee votes.[1] The trial court also determined that Cox had received four valid absentee votes,[2] for a total of 113 votes, one more than Taylor. The trial court ruled that although the four absentee voters had not themselves signed the applicationform for the absentee ballots, as Taylor argued was required by Ala. Code 1975, § 17-10-4, the absentee votes were valid and Cox had won the election. Taylor appealed.[3]
The decisive issue is strictly a question of law; thus, thede novo standard of review applies to that issue. We are asked to determine the meaning of § 17-10-4, Ala. Code 1975 (Cum. Supp. 1997), specifically the portion thereof emphasized below:
 "The [absentee ballot] application required in Section 17-10-3(a) shall be filed with the person designated to serve as the absentee election manager. The application shall be in a form prescribed and designed by the Secretary of State and shall be used throughout the state. Notwithstanding the foregoing, handwritten applications can also be accepted at any time prior to the five day deadline to receive absentee ballot applications as provided in Section 17-10-3(a). The application shall contain sufficient information to identify the applicant and shall include the applicant's name, residence address, or such other information necessary to verify that the applicant is a registered voter. Any applicant may receive assistance in filling out the application as he or she desires, but each application shall be manually signed by the applicant and, if he or she signs by mark, the name of the witness to his or her signature shall be signed thereon. The application may be handed by the applicant to the absentee election manager or forwarded to him or her by United States mail. An application for an emergency absentee ballot pursuant to Section 17-10-12 may be forwarded to the absentee election manager by the applicant or his or her designee. Application forms which are printed and made available to any applicant by the absentee election manager shall have printed thereon all penalties provided for any violation of this chapter."
(As amended by Act No. 96-885, § 2, Ala. Acts 1996, effective August 2, 1996.) (Emphasis added.)
The signatures of the voters on the four absenteeballots at issue were properly notarized or witnessed, as required by § 17-10-17. Taylor challenges the absentee ballots strictly because the voters did not themselves sign theapplication forms for the absentee ballots, but had a designated agent sign the application form for them. Thus, we must determine whether § 17-10-4 requires that in all instances absentee ballot application forms must be signed by the voters themselves. In other words, is an otherwise valid absentee vote made invalid by the fact *Page 408 
that the absentee voter did not himself or herself sign the application form?
In interpreting § 17-10-4, we have kept in mind the first rule of statutory construction: to give effect to the intent of the legislature. Hines v. Riverside Chevrolet-Olds, Inc.,655 So.2d 909 (Ala. 1994); Beavers v. County of Walker,645 So.2d 1365 (Ala. 1994). If possible, a court should gather the intent of the legislature from the plain language of the statute. BPExploration Oil, Inc. v. Hopkins, 678 So.2d 1052 (Ala. 1996); Beavers, supra.
After reviewing the text of § 17-10-4, we find its language and meaning clear. The wording "shall be manually signed by the applicant" clearly means that the applicant for an absentee ballot must himself or herself sign the application for the absentee ballot form. The record does not indicate that any voter whose ballot was challenged by Taylor because he or she did not personally sign the absentee ballot application was physically unable to sign the application.[4] Although § 17-10-4 makes no exception or accommodation for a person physically incapable of making his or her own signature, such as a quadriplegic, or for one who is otherwise similarly infirm, it is not this Court's place to question the wisdom of the legislature. However, because it appears that § 17-10-4 has the effect of depriving certain persons who are incapable of manually signing an absentee ballot application form of their right to vote, we suggest that the legislature reconsider the wording of this statute.
Thus, the trial court erred in holding that the absentee ballots were valid even though the applications for the ballots had not been manually signed by the applicants. We reverse the judgment of the trial court, which held that Cox had received four valid absentee ballots, and we remand this cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX and HOUSTON, JJ., concur.
SEE, J., concurs specially.
COOK, J., dissents.
[1] Cox received 111 machine votes and Taylor received 113 machine votes. The trial court determined that certain of the votes were illegal and could not be counted, thus reducing the nonabsentee vote count to 109 for Cox and 112 for Taylor.
[2] The trial court found that one absentee vote was invalid because the voter's signature on the absentee ballot had not been notarized or witnessed, as required by Ala. Code 1975, § 17-10-7.
[3] Taylor's appeal and Cox's cross appeal raise several issues, but we consider the decisive issue to be the validity of four absentee ballots. We need not discuss the other issues the parties have raised.
[4] The voters whose absentee ballots are challenged because they did not themselves sign the absentee ballot application are a 99-year-old man; his 90-year-old wife, who is bedridden; a long-distance truck driver; and a full-time college student.