721 So.2d 1135 (1998)
Ex parte The PRUDENTIAL INSURANCE COMPANY OF AMERICA.
(In re Iola Y. GOODSON, etc., et al.
v.
The PRUDENTIAL INSURANCE COMPANY OF AMERICA).
1971019.
Supreme Court of Alabama.
August 21, 1998.
*1136 M. Christian King and Floyd D. Gaines of Lightfoot, Franklin & White, L.L.C., Birmingham; and Wayne A. Schrader and Jonathan K. Tycko of Gibson, Dunn & Crutcher, L.L.P., Washington, D.C., for petitioner.
Russell Jackson Drake of Cooper, Mitch, Crawford, Kuykendall & Whatley, L.L.C., Birmingham; Whitney North Seymour, Jr., of Landy & Seymour, Jr., New York, NY; J.L. Chestnut, Jr., of Chestnut, Sanders, Sanders & Pettaway, P.C., Selma; and Joseph W. Phebus of Phebus & Winkelmann, Urbana, IL, for respondents.
HOUSTON, Justice.
The Prudential Insurance Company of America ("Prudential"), the defendant in an action pending in the Greene Circuit Court, petitions for a writ of mandamus directing the trial court to vacate its order of August 16,1996, conditionally certifying the action as a class action. We grant the writ.
Iola Y. Goodson, as attorney in fact for her incapacitated mother, Iola M. Young; and Gloria F. Pagliughi; Earnest Clay; and Joseph J. Nevills ("plaintiffs"), claiming to act on behalf of themselves and others similarly situated nationwide, sued Prudential, in the Circuit Court of Greene County, seeking damages based upon allegations that Prudential had charged the plaintiffs excessive premiums for Medicare supplement coverage, by agreeing to pay an insured treated by a physician the difference between the amount paid by Medicare and the amount of the plaintiff's physician's bill, up to the "usual and prevailing charges." On the same day they filed the complaint, the plaintiffs also filed a "Motion for Immediate and Conditional Class Certification Under Rules 23(b)(3) and 23(d)[, Ala.R.Civ.P.]." Within 17 days of the filing of that motion, and without notice to Prudential or a hearing, the trial court entered the following order:
"IT IS, THEREFORE, HEREBY CONSIDERED, ORDERED AND ADJUDGED that a nationwide class be conditionally certified to comprise the following members: All individuals who are or have been insured by [Prudential] on Medicare supplement insurance plans since January 1,1991."
The Greene County Circuit Court is directed to vacate its order conditionally certifying the class. Ex parte Frontier Corp., 709 So.2d 1197 (Ala.1998); Ex parte Equity National Life Ins. Co., 715 So.2d 192 (Ala.1997); Ex parte Citicorp Acceptance Co., 715 So.2d 199 (Ala.1997); Ex parte First National Bank of Jasper, 717 So.2d 342 (Ala.1997); Ex parte American Bankers Life Assur. Co., 715 So.2d 186 (Ala.1997); and Ex parte Mercury Finance Corp. of Alabama, 715 So.2d 196 (Ala.1997).
Before a trial court can certify a class, upon motion of the plaintiff, it must first give notice to the defendant. Ex parte Citicorp Acceptance Co., supra, 715 So.2d at 199. The trial court also must make a "rigorous analysis" to ensure that the following Rule 23(a), Ala.R.Civ.P., prerequisites of a class action have been met:
"(1) [T]he class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."
In Ex parte Citicorp Acceptance Co., 715 So.2d at 203, the Court held:
"The burden of satisfying each of these prerequisites rests solely on the party seeking certification, and the court cannot *1137 approve class certification until it has adequate information before it to satisfy each of the prerequisites. Ex parte Blue Cross & Blue Shield, 582 So.2d [469, 475 (Ala. 1991)]."
The trial court has not ruled on Prudential's motion for summary judgment.[1] However, we note that the uncontested evidence in the record before us indicates that none of the named plaintiffs, nor Ms. Young, has Medicare supplement coverage issued by Prudential by which Prudential agrees to pay the insured the difference between the amount paid by Medicare and the physician's bill, up to the "usual and prevailing charges." (Affidavit of Thomas H. Lindquist, with attachments, presented in support of Prudential's motion for summary judgment, appearing as Exhibit 18 to the appendix to the petition for the writ of mandamus.) Rule 23(a) "inherently mandates that the person bringing the action must be a member of the class he seeks to represent." Amason v. First State Bank of Lineville, 369 So.2d 547, 549 (Ala. 1979). If a named plaintiff has not been injured by the wrong alleged in the complaint, then no case or controversy is presented and the plaintiff has no standing to sue either on his own behalf or on behalf of a class. Ex parte Blue Cross & Blue Shield of Alabama, 582 So.2d 469, 474 (Ala.1991); Ex parte Exide Corp., 678 So.2d 773, 777 (Ala. 1996); Ex parte Izundu, 568 So.2d 771, 772 (Ala.1990).
Three persons, none of whom was an Alabama resident, moved to intervene. One of them, Harriet Byan, was the named plaintiff in a then-pending New York case, Byan v. Prudential Insurance Company of America, in which the claims were identical to the claims pleaded in the movants' amended complaint in this present case. After this motion to intervene was filed, the Supreme Court of New York, New York County, granted Prudential's motion to dismiss the Byan case and entered a judgment for Prudential. That judgment was upheld on appeal. Byan v. Prudential Ins. Co. of America, 242 A.D.2d 456, 662 N.Y.S.2d 44 (1997). Prudential filed an "Opposition to [Motion] to Intervene." Byan withdrew from the motion to intervene, and the trial court granted the motion as to the two remaining movants, who were not named plaintiffs in the New York action: Hans Raymond, who is described in the motion as "an adult resident of the State of Florida"; and Nettie Yelen, who is described in the petition as "an adult resident of the state of New Jersey." Prudential moved to dismiss, without prejudice, pursuant to Ala.Code 1975, § 6-5-430, or, in the alternative, to transfer the action to Jefferson County, Alabama, pursuant to Ala.Code 1975, § 6-3-21.1. The intervenors contend that the trial court denied the motion to dismiss on August 19, 1997. However, there is no notation on the case action summary showing such a denial; there is no written document showing such a denial; there is no order in a memorandum showing such a denial; and there is no order appended to a memorandum showing such a denial. These are the methods by which the trial court may render an order or judgment. Rule 58(a), Ala.R.Civ.P.
The following comments were made at a hearing on August 19, 1997:
"THE COURT: Basically you concede your motion [to dismiss or to transfer] is a forum non conveniens [motion]?
"[Attorney for Prudential]: Yes, sir.
"THE COURT: I'm going to deny that. Move to the next one. I deny that. Send me an order."
The attorneys for the intervenors drafted and sent to the trial court a proposed order denying the motion, but nothing in the record indicates that the trial court rendered or entered an order in compliance with Rule 58(a) or (c). Therefore, we must assume that no order on Prudential's motion has been entered.
Alabama Code 1975, § 6-5-430, provides, in pertinent part:
"[T]he courts of this state shall apply the doctrine of forum non conveniens in determining whether to accept or decline to *1138 take jurisdiction of an action based upon [a] claim originating outside this state [the claims of Raymond and Yelen originated outside the State of Alabama]; and provided further that, if upon motion of any defendant it is shown that there exists a more appropriate forum outside this state, taking into account the location where the acts giving rise to the action occurred, the convenience of the parties and witnesses, and the interests of justice, the court must dismiss the action without prejudice."
(Emphasis added.)
Yelen is a resident of New Jersey. Prudential is incorporated in New Jersey (see "Class Action Complaint Amendment," appendix to petition for writ of mandamus, Exhibit 2), and has its principal office there. It is evident that a New Jersey court would be "a more appropriate forum outside [the State of Alabama]." The Legislature used the words "shall" and "must" in § 6-5-430.
"Words used in [a] statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is clear and unambiguous, then there is no room for judicial construction and the clearly expressed intent of the Legislature must be given effect."
Tuscaloosa County Comm'n v. Deputy Sheriffs' Ass'n of Tuscaloosa County, 589 So.2d 687, 689 (Ala.1991) (citations omitted); see also Ex parte New England Mutual Life Ins. Co., 663 So.2d 952 (Ala.1995), and State Dep't of Transportation v. McLelland, 639 So.2d 1370 (Ala.1994). The word "shall" is clear and unambiguous and is imperative and mandatory. Tuscaloosa County Comm'n v. Deputy Sheriffs' Ass'n of Tuscaloosa, supra; Taylor v. Cox, 710 So.2d 406 (Ala.1998); Ex parte First Family Financial Services, Inc., 718 So.2d 658 (Ala.1998) (on application for rehearing) (interpreting the word "shall" as used in § 6-3-21.1). The word "shall" has been defined as follows:
"As used in statutes, contracts, or the like, this word is generally imperative or mandatory. In common or ordinary parlance, and in its ordinary signification, the term `shall' is a word of command, and one which has always or which must be given a compulsory meaning; as denoting obligation. The word in ordinary usage means `must' and is inconsistent with a concept of discretion."
Black's Law Dictionary 1375 (6th ed.1991).
Therefore, a trial court is compelled to apply the doctrine of forum non conveniens in determining whether to accept or decline to take jurisdiction of an action based upon a claim originating outside the state.
The word "must" is clear and unambiguous and is imperative and mandatory. See State Dep't of Transportation v. McLelland, 639 So.2d at 1371: "[W]e hold that the language of [Ala.Code 1975,] § 18-1A-282 [`The commissioners must, within 20 days from their appointment, make a report in writing to the probate court ....'] mandated that the probate court set aside the commissioners' report because the report was untimely."
Therefore, a trial court is compelled to dismiss the action without prejudice if, upon motion of a defendant, it is shown that there exists a more appropriate forum outside the state, taking into account the location where the acts giving rise to the action occurred, the convenience of the parties and witnesses, and the interest of justice. This Court, in Ex parte First Family Financial Services, Inc., supra, applying the phrase "in the interest of justice," held that it was an abuse of discretion for the trial court not to grant a forum non conveniens motion to transfer, when the defendant maintained no office in the county in which the case was filed and kept no documents in that county; the plaintiff did not live in that county; and no meetings had taken place between the plaintiff and employees of the defendant in that county.
The pertinent facts in this case have virtually no connection with Greene County, Alabama. None of the four named original plaintiffs resides in Greene County (although the evidently incompetent mother of one plaintiff resides in Greene County); Yelen and Raymond, who were allowed to intervene, *1139 reside in New Jersey and Florida, respectively, not in Greene County; there are no defendants who reside in Greene County; Prudential, the lone defendant in this matter, has no office in Greene County; and no material witness to any of the acts or omissions forming the basis of the complaint or the intervenors' amended complaint resides in Greene County. No documents maintained by Prudential that are relevant to or pertain to the plaintiffs' or the intervenors' policies or to any claims that may have been made under those policies are located in Greene County. None of Prudential's employees with knowledge of the matters at issue in this case is located in, or resides in, Greene County or even in Alabama. The one person who resides in Greene County, the mother of one of the plaintiffs, does not own a policy that contains the language about which the plaintiffs complain. Of the 6,002 policies sold to Alabama residents that were of the type sold to the named plaintiffs and intervenors, only 11, or less than 1/5 of 1 percent, are owned by Greene County residents, as compared to 427 owned by Jefferson County residents. Not one Greene County resident's policy contains the "usual and prevailing" language, which is the gravamen of the named plaintiffs' and the intervenors' complaints. The trial court was required to dismiss Yelen and Raymond's claims in the "interest of justice." Ex parte First Family Financial Services, Inc., supra.
The record before this Court shows that after this action was filed, Mary K. Mason moved to intervene in this action. Mason describes herself in the motion as "an adult resident citizen of Jefferson County, Alabama," and she states that she is the owner of a Prudential policy that contains the "usual and prevailing" language. (Answer to petition for writ of mandamus, Exhibit F.)
Prudential moved to dismiss without prejudice, pursuant to § 6-5-430, or to transfer the case to Jefferson County, pursuant to § 6-3-21.1. Section 6-5-430 requires dismissal without prejudice "in the interest of justice," and § 6-3-21.1 requires a transfer to another county "in the interest of justice." The trial court has the discretion to allow Mason to intervene and then to transfer the action to Jefferson County pursuant to § 6-3-21.1 (Ex parte New England Mutual Life Ins. Co., 663 So.2d 952 (Ala.1995)); or to dismiss the intervenors' claims without prejudice, subject to such conditions as the trial court may impose that are consistent with § 6-5-430. It is directed to vacate its certification order of August 16, 1996, and to choose one of those alternatives.
WRIT GRANTED.
HOOPER, C.J., and MADDOX, SEE, and LYONS, JJ., concur.
KENNEDY, J., concurs in the result.
ALMON, SHORES, and COOK, JJ., concur in part and dissent in part.
SHORES, Justice (concurring in part and dissenting in part).
On December 16, 1997, this Court issued five opinions relating to class-action certification. Ex parte Equity National Life Ins. Co., 715 So.2d 192 (Ala.1997); Ex parte Citicorp Acceptance Co., 715 So.2d 199 (Ala. 1997); Ex parte First National Bank, 717 So.2d 342 (Ala.1997); Ex parte American Bankers Life Assurance Co., 715 So.2d 186 (Ala.1997); Ex parte Mercury Finance Co., 715 So.2d 196 (Ala.1997). In effect, these cases held that the practice of ex parte conditional certification of class actions was improper, although trial courts had, apparently routinely, been entering such orders, relying upon the authority of Ex parte Voyager Guaranty Ins. Co., 669 So.2d 198 (Ala.Civ. App.1995). These five cases disapproved of the practice Ex parte Voyager had spawned, and they required trial courts, before certifying a class, to hold an evidentiary hearing, at which the plaintiffs are required to carry the burden imposed by Rule 23, Ala. R. Civ. P. These cases attempted to set out the minimum requirements that must be met before a trial court may conditionally certify a class pursuant to Rule 23.
The ex parte class certification order in this case was issued on August 16, 1996. *1140 Under the holdings of the December 16, 1997, cases, that order is to be vacated, and the trial court is to hold a hearing as prescribed by Rule 23 and by those cases. No one disputes this.
Both Prudential and the plaintiffs filed motions to vacate the August 1996 order conditionally certifying the class, calling the court's attention to the five cases released on December 16, 1997. The plaintiffs acknowledged that the class certified in the earlier order was overly broad and asked the court to set an evidentiary hearing (as required by the five cases), to permit the plaintiffs to present evidence in discharge of their burden to establish all criteria for class certification under Rule 23.
These motions are still pending before the circuit court. Before a hearing could be set, Prudential moved to stay all proceedings in the trial court and filed this petition for the writ of mandamus, asking this Court to order the trial court to vacate an order that all parties agree should be vacated. Prudential also asks this Court to stay the evidentiary hearing that this Court has held is required before a valid conditional class certification can be entered. Prudential also asks this Court to order the trial court to dismiss the action without a hearing ever having been held.
In support of its argument that the trial court should be ordered to dismiss this case, Prudential relies on the doctrine of forum non conveniens (§ 6-5-430, Ala.Code 1975). However, Prudential's motion to dismiss on forum non conveniens grounds was not filed until after the case had been pending for five months and countless hours of lawyer time and judicial time had been devoted to the case. The petition for the writ of mandamus, complaining of the trial court's refusal to dismiss, was not filed in this Court until more than seven months after the trial court had denied the motion to dismiss. Even if the motion had been timely filed, we would conclude that the trial court did not abuse its discretion in denying it on the grounds that Prudential had waived any objections to venue.
Traditionally in Alabama, one must object to venue at the earliest possible time, or else the objection is waived. Rule 12, Ala. R. Civ. P.
"Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:... (3) improper venue.... A motion making any of these defenses shall be made before pleading if a further pleading is permitted."
Rule 12(b)(3), Ala. R. Civ. P. There is no question that Prudential does business in Alabama and sells many policies to the citizens of Alabama and is thus subject to the jurisdiction of Alabama's courts. By enacting § 6-5-430, the Legislature has given a defendant that is subject to the jurisdiction of the courts of Alabama the right to show that it is entitled to have the court refuse to exercise its jurisdiction, a right defendants did not previously have. However, a defendant over whom a court has jurisdiction must object to venue (on whatever grounds) in a timely manner. Rule 12, Ala. R. Civ. P.
Prudential waited five months before objecting to venue in Greene County. Although the entire record is not before us on this petition for the writ of mandamus, what is before us indicates that many hours of court time and lawyer time have been committed to this litigation. The plaintiffs admit that the original complaint was deficient in some respects; they say those deficiencies have been cured and that the delay in curing them was the result of Prudential's failure to produce discovery material for more than a year after the trial court entered an order to produce. The plaintiffs state that they are ready and able to show by evidence that they meet all Rule 23(a) requirements to maintain this class action. They argue that all deficiencies claimed by Prudential as to their ability to maintain the action will be eliminated once the trial court holds a hearing. The trial court has not denied their motion to set a hearing. This Court should not prevent a hearing by granting this mandamus petition.
*1141 The trial court should not be ordered to dismiss this action without first allowing the plaintiffs a hearing to meet the evidentiary requirements of Rule 23. Nor should the trial court be ordered by this Court to dismiss this action on forum non conveniens grounds. Prudential did not object to venue on that ground in a timely manner in the trial court and did not in a timely manner challenge in this Court the trial court's failure to transfer or to dismiss the case. Prudential has failed to establish that it is entitled to the writ of mandamus in any respect, except to have the trial court vacate its original order, which everyone agrees will be done when the trial court's action is no longer stayed.
For these reasons, I concur in part and dissent in part.
ALMON and COOK, JJ., concur.
NOTES
[1] In its petition for the writ of mandamus, Prudential also asked this Court to direct the trial court to rule on its motion for summary judgment. We denied that portion of the petition on May 8, 1998, without opinion.