ENGLAND, Justice.
Iola Goodson, acting on behalf of Iola Young, Gloria Pagliughi, Earnest Clay, and Joseph Nevills, as representatives of a class of similarly situated plaintiffs, filed a class action in Greene County, against Prudential Insurance Company of America (hereinafter “Prudential”), alleging breach of contract. Hans Raymond and Nettie Yelen were later allowed to intervene. The plaintiffs moved for conditional certification of a class, pursuant to Rule 23(b)(3) and (d), Ala.R.Civ.P. The trial court granted their motion. Prudential then petitioned this Court for a writ of mandamus ordering the trial court to vacate its order of August 16, 1996, conditionally certifying the action as a class action. See Ex parte Prudential Ins. Co. of America, 721 So.2d 1136 (Ala.1998). We issued the writ of mandamus, stating: “The trial court has the discretion to allow [Mary] Mason to intervene and then to transfer the action to Jefferson County pursuant to § 6-3-21.1 (Ex parte New England Mutual Life Ins. Co., 663 So.2d 952 (Ala.1995)); or to dismiss the intervenors’ claims without *822 prejudice, subject to such conditions as the trial court may impose that are consistent with § 6-5-430.” Id. at 1139. Nettie Ye-len and Hans Raymond’s claims were subsequently dismissed without prejudice, and Mary Mason was allowed to institute a new action in Jefferson County.
On November 3, 1998, Mary Mason, Nettie Yelen, and Hans Raymond, as representatives of a class of similarly situated plaintiffs, sued Prudential, in Jefferson County, alleging breach of contract. Subsequently, both sides moved for a summary judgment. After conducting a hearing, the trial court granted Prudential’s motion for summary judgment and denied the plaintiffs’ motion. The court stated in its summary judgment that Mary Mason had no standing to bring the action and that Yelen and Raymond’s claims were “due to be dismissed” on the basis of the doctrine of forum non conveniens. The plaintiffs appealed.
We conclude that the circuit court correctly dealt with the procedural issues of this case, i.e., the issue of standing and the application of the doctrine of forum non conveniens. The trial court held that Mason had no standing to proceed. The trial court refused to exercise jurisdiction over the remaining plaintiffs, dismissing their claims under the doctrine of forum non conveniens. We note that the trial court’s observations on the merits of the claims asserted amount to dicta and do not constitute a holding of that court. Therefore, nothing in the trial court’s order or in this opinion should be construed as addressing the merits of the plaintiffs’ breach-of-eon-tract claim against Prudential.
I.
In order to better understand the procedural issues presented in this case, we find it necessary to include a brief recitation of the facts. In 1981, the American Association of Retired Persons (“AARP”) arranged for Prudential to provide AARP members health insurance that would insure them against liability for costs of medical services above and beyond those costs covered by Medicare.[1] Specifically, the insurance plans at issue in this lawsuit, plans “M4,” “M7,” and “P7,” provide this coverage: “The Part B Medicare Eligible Expenses not paid in full by Medicare (excluding eligible expenses for outpatient prescription drugs that are covered under Medicare Part B); plus, 100% of the difference between Medicare Eligible Expenses and the Usual and Prevailing Charges.” (Emphasis original.) The contract defines “usual and prevailing charges” as “the normal charge made by a provider (doctor, nurse, pharmacist) for a service or supply when there is no insurance; but not more than the general level of charges made in the area for a like service or supply.”
In 1991, a federal “limiting charge” took effect; it limited the amount that doctors who do not accept direct assignment of Medicare benefits could legally charge patients covered under Medicare. The plaintiffs argue that Prudential failed to revise or amend the contracts to account for the “limiting charge” legislation. Therefore, they argue, Prudential was obligated to continue calculating the “usual and prevailing charges” as normal charges charged in the absence of Medicare, pursuant to the *823 terms of the contract, without regard to any fee limitations provided by the “limiting charge” legislation. However, after 1991, Prudential began calculating the “usual and prevailing charges” as those charges allowed under the federal “limiting charge” legislation. The plaintiffs claim that they were damaged by continuing to pay premiums on a policy that would pay out benefits based on the normal charges charged in the absence of Medicare, yet receiving benefits based on the reduced charges allowed under the “limiting charge” legislation.
II.
As stated above, the circuit court correctly dismissed this action on the basis that Mary Mason has no standing and that Nettie Yelen and Hans Raymond’s claims were subject to the statutory doctrine of forum non conveniens.
The circuit court correctly stated, regarding Mary K. Mason’s claim:
“ ‘If a named plaintiff has not been injured by the wrong alleged in the complaint, then no case or controversy is presented and the plaintiff has no standing to sue either on his own behalf or on behalf of a class.’ Ex parte Prudential [Ins. Co. of America], 721 So.2d at 1137; see also Ex parte Blue Cross & Blue Shield of Ala., 582 So.2d 469, 474 (Ala.1991).
“Ms. Mason testified that Prudential never failed to pay any claim that she submitted under the plan. Mason Dep. at 67-68. To prevail on a claim for breach of contract, a plaintiff must prove ‘(1) the existence of a valid contract binding the parties in the action, (2) his own performance under the contract, (3) the defendant’s nonperformance, and (4) damages.’ Southern Medical Health Sys., Inc. v. Vaughn, 669 So.2d 98, 99 (Ala.1995). Because Prudential never failed to pay any of Ms. Mason’s claims she simply has not suffered any ‘nonperformance’ by Prudential.
“In addition, Ms. Mason has suffered no [damage]. She testified that she never sought or obtained treatment from a nonparticipating provider. Mason Dep. at 76-78. Plaintiffs admit that Ms. Mason ‘never consulted a non-participating doctor and therefore did not need to use the “usual and prevailing” coverage provision.’ Pis. Opp. at 18. That concession necessarily means that Ms. Mason could not even theoretically have suffered [damage] resulting from the only breach argued by plaintiffs, namely, Prudential’s alleged failure to provide benefits contemplated by the ‘usual and' prevailing’ coverage. Accordingly, Ms. Mason has no standing to bring this lawsuit, either on her own behalf or on behalf of a class.”
Mary Mason never attempted to make a claim under the “usual-and-prevailing-charges” provision of her insurance contract. Therefore, there is no way in which Prudential could have deprived her of benefits provided by that provision. As a result, Mary Mason has not suffered damage of the kind for which she has sought relief in this action.
III.
The circuit court also correctly dismissed Hans Raymond and Nettie Yelen’s claims under the doctrine of forum non conveniens. The court stated:
“The claims of plaintiffs Raymond and Yelen must be dismissed pursuant to the forum non conveniens statute, Ala.Code [1975,] § 6-5-430. Considering a case involving essentially identical allegations made by these same plaintiffs, the Alabama Supreme Court found that the claims of Mr. Raymond- and Ms. Yelen were subject to dismissal under the forum non conveniens statute. Ex parte *824 Prudential [Ins. Co. of America], 721 So.2d at 1138-39. That decision is directly controlling here. Thus, the claims of Mr. Raymond and Ms. Yelen would be due to be dismissed under ... § 6-5-430, even if those claims could survive [a motion for a] summary judgment on their merits.”
The circuit court correctly relied on this Court’s decision in Ex parte Prudential Insurance Co. of America, 721 So.2d 1135 (Ala.1998). Therefore, we affirm the summary judgment in favor of Prudential, but only insofar as it is based on the issues of standing and application of the doctrine of forum non conveniens.
AFFIRMED.
HOOPER, C.J., and SEE and BROWN, JJ., concur.
HOUSTON, J., concurs in the result.

. The "Certificate of Insurance” states the purpose of the contract:
“This is a Medicare Supplement Plan. For a Medicare Eligible Expense, Prudential pays a benefit based on the amount of the charge which is allowable by Medicare. But Prudential pays benefits based on the usual and prevailing charges for nurse care and prescription drug expenses, and for those medical care expenses for which the provider (doctor, etc.) does not accept an assignment of your Medicare benefits.”
(Emphasis original.)