■ ALFRED S. MINIHANE, on Behalf of Himself and All Others Similarly Situated, Appellant-Respondent, v JERRY WEISSMAN et al., Respondents, and EMPIRE BLUE CROSS AND BLUE SHIELD, Respondent-Appellant. (And Four Other Actions.) [640 NYS2d 102] —Order, Supreme Court, New York County (Herman Cahn, J.), entered January 26, 1995, which, *inter alia*, granted defendants' motion to dismiss the complaint to the extent of dismissing plaintiff's claims of fraud, breach of contract and violations of General Business Law § 349, unanimously affirmed, without costs.

Plaintiff brings this action, on his own behalf and on behalf of a putative class of similarly situated high risk Empire Blue Cross and Blue Shield subscribers, alleging that defendants submitted false and misleading documentation to the Superintendent of Insurance, giving rise to a filed rate which was fraudulently obtained. However, we agree with the ruling of the IAS Court that the filed rate doctrine bars these claims. The filed rate doctrine prevents challenges to rates established by regulatory agencies, here the New York State Insurance Department, except by CPLR article 78 review, in order to ensure that rates charged are stable and non-discriminatory, bearing in mind that the regulatory agencies presumably are most familiar with the workings of the regulated industry and are in the best position, due to experience and investigative capacity, to establish the proper rates. The doctrine prevents the courts from entering into the rate determining process, and we agree that there is no exception from the filed rate doctrine based on allegations of fraud (*see, Wegoland Ltd. v NYNEX Corp.*, 27 F3d 17). We discern no reason to depart from this rule herein.

We have considered plaintiff's remaining claims and find

them to be without merit. Concur—Sullivan, J. P., Rosenberger, Wallach, Kupferman and Williams, JJ. *[See,* 164 Misc 2d 350.]