■ CITY OF NEW YORK et al., Appellants, v AETNA CASUALTY & SURETY COMPANY et al., Respondents. [693 NYS2d 139] —Order, Supreme Court, New York County (Herman Cahn, J.), entered January 9, 1998, which granted defendants' motions to dismiss the complaint pursuant to CPLR 3211 (a) (2) and (7), unanimously affirmed, without costs.

The City of New York and the two individual plaintiffs, who sue on their own behalf and as representatives of a putative class of City residents, allege that defendant insurers have charged the putative class excessive and unfairly discriminatory rates for automobile comprehensive insurance from 1991 to the present, in that such rates have not been reduced commensurately with the sharp drop in the City's rate of automobile theft over that period. The court correctly held that the action, which seeks an award of damages to the putative class for past charging of allegedly improper rates and an injunction ordering defendants to reduce the rates they charge the putative class prospectively, is barred by the filed rate doctrine, inasmuch as the rates at issue here were filed with, and approved by, the Superintendent of Insurance pursuant to article

23 of the Insurance Law (*see, Purcell v New York Cent. R. R. Co.*, 268 NY 164, *cert denied* 296 US 545; *Byan v Prudential Ins. Co.*, 242 AD2d 456; *Porr v NYNEX Corp.*, 230 AD2d 564, 568, *lv denied* 91 NY2d 807; *Minihane v Weissman*, 226 AD2d 152). The legal and equitable remedies sought by the complaint are both barred because granting either kind of relief would enmesh the court in the rate-making process, which the Legislature has committed to the Superintendent, and would have the potential to result in discrimination against ratepayers not included in the putative class. Even if the sole relief requested were an injunction ordering defendants only to file new rates with the Superintendent for his review, any judicial determination of impropriety in the existing filed rates, which are at all times subject to the Superintendent's review, would offend the Legislature's determination to commit enforcement of the regulatory scheme to the Department of Insurance, which has the requisite expertise and investigative capacity. Plaintiffs' remedy, if any, lies in the administrative proceedings of the Department of Insurance or in CPLR article 78 review of the Superintendent's action or refusal to act. Concur—Williams, J. P., Lerner, Rubin and Saxe, JJ.